# EXHIBIT 25

To

PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

In

<u>Western Watersheds Project, et al. v. U.S. Dept. of the Interior, et al.</u>

Case No.: 3:21-cv-0103-MMD-CLB

Declaration of Talasi B. Brooks

Christopher Mixson (NV Bar#10685)
KEMP JONES, LLP
3800 Howard Hughes Parkway, Suite 1700
Las Vegas, Nevada 89169
702-385-6000
c.mixson@kempjones.com

Attorney for Plaintiffs

Roger Flynn, (CO Bar#21078) *Pro Hac Vice*
Jeffrey C. Parsons (CO Bar#30210), *Pro Hac Vice*
WESTERN MINING ACTION PROJECT
P.O. Box 349, 440 Main St., #2
Lyons, CO 80540
(303) 823-5738
wmap@igc.org

Attorneys for Great Basin Resource Watch, Basin and Range Watch, and Wildlands Defense

Talasi B. Brooks (ISB#9712), *Pro Hac Vice*
Western Watersheds Project
P.O. Box 2863
Boise ID 83714
(208) 336-9077
tbrooks@westernwatersheds.org

Attorney for Western Watersheds Project

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT; GREAT BASIN RESOURCE WATCH; BASIN AND RANGE WATCH; and WILDLANDS DEFENSE, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR; U.S. BUREAU OF LAND LAND MANAGEMENT; and ESTER M. McCULLOUGH, District Manager, BLM's Winnemucca Office, <br><br> Defendants, | Case No.: 3:21-cv-0103-MMD-CLB <br><br> DECLARATION OF TALASI B. BROOKS IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION |

|  |  |
|---|---|
| and | ) |
|  | ) |
| LITHIUM NEVADA CORPORATION, | ) |
|  | ) |
| Intervenor-Defendant. | ) |

I, Talasi Brooks, hereby declare as follows:

1.    I am counsel for Plaintiff Western Watersheds Project in the above-captioned matter. I assisted lead counsel Roger Flynn (counsel for the other three Plaintiff organizations) in all aspects of this case, including preparing the Complaint and the Motion for Preliminary Injunction at issue here. I am closely familiar with the facts and legal claims at issue in this litigation and have personal knowledge of negotiations with opposing counsel surrounding the Motion for Preliminary Injunction.

2.    Plaintiffs filed their Complaint in this matter on February 26, 2021, alleging nine claims for relief challenging Federal Defendants' Record of Decision approving Lithium Nevada Company's two Plans of Operation related to the Thacker Pass Lithium Mine, and supporting Final Environmental Impact Statement, for violations of the Federal Land Policy and Management Act (FLPMA) and the National Environmental Policy Act (NEPA).

3.    Beginning soon thereafter, Plaintiffs tried to avoid having to seek a preliminary injunction to prevent mine-related operations while this litigation is pending by attempting to reach a stipulation with counsel for Federal Defendants and Defendant-Intervenor Lithium Nevada Corporation (LNC) under which Federal Defendants and LNC would refrain from commencing activities associated with LNC's operations until Plaintiffs' case could be heard on the merits.

4.    As part of these negotiations, which spanned several months and included a video conference call on March 25, 2021, Plaintiffs repeatedly stated that they would object to any ground disturbing actions until the Court reached a decision on the merits, but would potentially

agree that LNC could undertake wildlife surveys or other non-surface-disturbing actions during that time.

5.  LNC stated during the March 25, 2021 call that it did not plan to begin operations for six to seven months. LNC maintained that it wished to expedite the briefing schedule to speed resolution of the case.

6.  However, Federal Defendants were unable to provide a date for filing the administrative record until May 10, 2021, when they stated they could serve the administrative record by July 30, 2021. In the meantime, Federal Defendants refused to commit to refraining from any surface-disturbing activities associated with the Thacker Pass Project.

7.  In addition, LNC informed Plaintiffs on May 13, 2021 that LNC intends to begin ground disturbance as soon as June 23, 2021, consisting of initial excavations and digging associated with a newly approved "Historic Properties Treatment Plan" (HPTP) which has never been submitted for public review. Plaintiffs have repeatedly requested a copy of the HPTP, but LNC and Federal Defendants have refused to provide them with one to date. On May 26, 2021, LNC provided a one-paragraph "description regarding treatment disturbance based on the methods outlined [in the] approved HPTP." This informed Plaintiffs for the first time that the initial excavations would include mechanical trenching on seven undisclosed sites in the Project area up to 40 meters long and as much as "a few meters" deep. LNC's contractor also plans surface artifact collection and hand excavations up to 150 centimeters (five feet) deep at an additional 20 undisclosed sites.

8.  Consequently, Plaintiffs are now forced to seek preliminary relief to protect their interests in preserving the environment, including the fragile wildlife habitats and visual resources Thacker Pass provides and which would be irreparably altered or permanently destroyed by the BLM-approved operations, during the pendency of this case on the merits. I swear under penalty of perjury that the foregoing is true and correct to the best of my

knowledge.

*/s/ Talasi Brooks*

Talasi B. Brooks

Attorney for Plaintiff WWP