UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, *et al.*,<br><br>Plaintiffs,<br>v.<br>BUREAU OF LAND MANAGEMENT OF THE U.S. DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>Defendants. | Case No. 3:21-cv-00103-MMD-CLB<br><br>ORDER |

**I.  SUMMARY**

Plaintiffs[1] sued Defendants[2] over their approval of the Thacker Pass Lithium Mine Project (the "Project"), seeking to halt construction of the mine. (ECF No. 1.) The Court previously granted Defendant-Intervenor Lithium Nevada Corporation ("Lithium Nevada"), the proponent of the Project, leave to intervene. (ECF No. 18.) Before the Court is proposed Plaintiff-Intervenors Reno-Sparks Indian Colony and Atsa koodakuh wyh Nuwu/People of Red Mountain's (collectively, the "Tribes") motion to intervene.[3] (ECF No. 43 ("Intervention Motion").) While neither Plaintiffs (ECF No. 52) nor Defendants (ECF No. 50) oppose the Intervention Motion, Lithium Nevada does (ECF No. 51).[4] Because the

---

[1] Plaintiffs are Western Watersheds Project, Great Basin Resource Watch, Basin and Range Watch, and Wildlands Defense. (ECF No. 1 at 1.)

[2] Defendants are Bureau of Land Management of the U.S. Department of the Interior ("BLM"), the Department of the Interior, and Ester M. McCullough (collectively, "Federal Defendants"). (ECF No. 1 at 1.)

[3] The Court previously granted the Tribes' motion to expedite and set an expedited briefing schedule on the motion to intervene. (ECF No. 47.)

[4] The Tribes filed a reply. (ECF No. 54.)

1  Court finds the Tribes' intervention timely, otherwise finds that the Tribes satisfy the factors governing intervention as of right, and as further explained below, the Court will grant the Intervention Motion.

## II. BACKGROUND

The Court incorporates by reference the background of this case as described in its recent order denying Plaintiffs' motion for a preliminary injunction and does not recite that background here. (ECF No. 48 at 2-4.)

## III. DISCUSSION

The Tribes seek intervention as of right under Fed. R. Civ. P. 24(a), or in the alternative, permissive intervention under Fed. R. Civ. P. 24(b). (ECF No. 43 at 2.) The Court finds that the Tribes have demonstrated entitlement to intervene as of right.

Rule 24(a)(2) permits anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." When evaluating motions to intervene as a matter of right, courts construe Rule 24 liberally in favor of potential intervenors, focusing on practical considerations rather than technical distinctions. *See Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001). A party seeking to intervene as of right must meet four requirements:

> (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties.

*Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) (citation omitted). An applicant for intervention bears the burden of showing that all four requirements are met. *See United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). The Tribes have satisfied these four factors.

### 1. Factor 1: Timeliness

"Timeliness is 'the threshold requirement' for intervention as of right." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir.1997) (quoting *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990)). "Timeliness is determined by the totality of the circumstances facing would-be intervenors, with a focus on three primary factors: '(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay.'" *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016). The Court addresses below the parties' arguments as to each of the three timeliness prongs.

#### a. Stage of the Proceedings

The Tribes argue they filed their Intervention Motion at an early stage in the proceedings because they filed the motion just before the Court held a hearing on Plaintiffs' motion for a preliminary injunction, which the Court later denied. (ECF No. 43 at 7.) Lithium Nevada counters that the Tribes filed their Intervention Motion at a late stage in the proceedings because the Intervention Motion did not become fully briefed, even on an expedited schedule, until after the Court held the hearing on, and denied, the motion for preliminary injunction. (ECF No. 51 at 6.) Moreover, Lithium Nevada argues, the existing parties to this case have already negotiated and agreed to a briefing schedule for dispositive motions in this case. (*Id.*) The Court agrees with the Tribes on this prong.

This case is still in its early stages. Per the briefing schedule the parties agreed to—and the Court approved—Federal Defendants will not even file the administrative record until the end of this week. (ECF No. 28 at 5.) Dispositive, merits briefing will not happen until later this year. (*Id.* at 5-6.) And the Court has not yet issued a preliminary injunction, despite Plaintiffs' request. (ECF No. 48.) The Court accordingly views this case as still in its early stages. Moreover, the Tribes are correct that the fact they filed their Intervention Motion before (albeit right before) the Court held a hearing on Plaintiffs' preliminary injunction motion tends to weigh in favor of finding the Intervention Motion timely filed. *See Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995)

(affirming decision to allow proposed intervenors to intervene as of right and finding their motion to intervene was timely where they "moved to intervene prior to the hearing on the preliminary injunction motion"). This prong weighs in favor of finding the Intervention Motion timely.

### b. Prejudice

The Tribes argue that no existing parties will be prejudiced if the Court allows them to intervene because the Court had not ruled on any substantive issues at the time they filed the Intervention Motion, no relief from long-standing inequities will be delayed, and the soonest the Court could grant any party final relief is more than five months away in any event. (ECF No. 43 at 7-8.) Lithium Nevada counters that it will be prejudiced if the Tribes are allowed to intervene because the Tribes knew or should have known that their interests were not being adequately represented months before they filed the Intervention Motion, the existing parties already spent substantial time briefing and arguing Plaintiffs' motion for preliminary injunction, and allowing intervention will force the parties to participate in additional rounds of briefing "when this case needs to move forward to dispositive motions."[5] (ECF No. 51 at 8.) The Court again agrees with the Tribes.

While it is true that Lithium Nevada and the other parties will have to participate in briefing at least some additional issues if the Court allows the Tribes to intervene, the Court will mitigate this potential prejudice by requiring the Tribes to adhere to the same case schedule the parties have already agreed to. Moreover, the Court already outlined a potential briefing schedule on the Tribes' potential motion for preliminary injunction that will not drastically disrupt the case schedule. (ECF No. 47.) And in their reply in support of their Intervention Motion, the Tribes state they agree to be bound by the existing case schedule. (ECF No. 54 at 3.) It is also notable that only Lithium Nevada argues prejudice, whereas the other parties who have participated in the same briefing and agreed to the same case schedule do not oppose intervention. Moreover, as described above with

---

[5]This quoted statement appears to reflect nothing more than an understandable preference on Lithium Nevada's part.

respect to the stage of the proceedings, this case remains in its early stages. When the Court considers all of this in light of the Ninth Circuit Court of Appeals' 'repeated instruction' that "the requirements for intervention are [to be] broadly interpreted in favor of intervention" *Smith*, 830 F.3d at 853 (citation omitted), the Court also finds that this prong weighs in favor of finding the Intervention Motion timely.

### c.    Reason for and Length of the Delay

The Tribes argue the delay between this case being filed and the Intervention Motion is attributable to the Tribes not learning about the Project until February 2021, not learning about the plan for physical disturbance of the site as part of the Historic Property Treatment Plan ("HPTP") until April 2021, and not learning about the imminence of the HPTP until May 2021. (ECF No. 43 at 8-11.) The Tribes also argue they were trying to get information and obtain assurances from Federal Defendants for some time that further contributed to their delay in filing the Intervention Motion. (*Id.* at 9-11.) The Tribes further argue that the consultation period on the Project occurred while the COVID-19 pandemic was raging, primarily online though many Tribe members lack internet access, and required documents filed by Federal Defendants in approving the Project contradict each other, so it has been difficult for the Tribes to gather information sufficient to allow them to file their Intervention Motion until now. (*Id.*) Lithium Nevada counters that the Tribes should have been aware that their interests were not adequately protected months ago and offer no justifiable reason for their delay. (ECF No. 51 at 9-10.) While the Tribes have delayed, the Court nonetheless finds their arguments more persuasive on this prong as well.

"Although delay can strongly weigh against intervention, the mere lapse of time, without more, is not necessarily a bar to intervention." *Bank of New York Mellon v. Foreclosure Sales Servs., LLC*, Case No. 2:15-cv-02087-APG-GWF, 2017 WL 626360, at *4 (D. Nev. Feb. 15, 2017) (quoting *Alisal*, 370 F.3d at 921) (granting motion to intervene despite delay). The Court credits the Tribes' explanation that it was difficult for their members to gather information about the Project given the COVID-19 pandemic and

5

their members' lack of internet access, and the potentially contradictory statements Federal Defendants made in public documents regarding the Project. The Court finds less persuasive the Tribes' argument that they were attempting to correspond with Federal Defendants, because Ms. Rehberg's letter is dated July 12, and gives the Tribes an opportunity to engage in some consultation that the Tribes apparently did not take her up on. (ECF No. 43-6 at 2.) But the Tribes still filed their motion within two weeks of receiving that letter. (ECF No. 43.) And the Court again finds the Tribes' delay understandable given the COVID-19 pandemic and their members' lack of internet access. This prong is therefore either neutral, or slightly favors finding the Intervention Motion timely.

On balance, all three prongs of the timeliness analysis weigh at least slightly in favor of finding the Intervention Motion timely filed. The Court accordingly finds the Intervention Motion timely and moves on to the remaining intervention as of right factors.

### 2.    Factors 2 and 3: Significant Protectable Interest and Impairment of That Interest

"An applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." *Cal. ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006) (quoting *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)). "The 'interest' test is not a bright-line rule." *Alisal*, 370 F.3d at 919 (citations omitted). It is instead "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process[.]" *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011) (citation omitted).

Lithium Nevada recognizes the importance of proper tribal consultation, and instead essentially incorporates by reference its timeliness arguments to argue the Tribes have not satisfied these factors. (ECF No. 51 at 10-11.) Lithium Nevada then moves on to merits arguments as to why Federal Defendants did not violate the National Historic Preservation Act ("NHPA") as the Tribes claim the Federal Defendants did in the proposed

complaint they attached to their Intervention Motion. (*Id.* at 11-17; *see also* ECF No. 43-1.) Lithium Nevada finally argues that the Tribes' interest will not be impaired if they are not allowed to intervene because Federal Defendants have offered to let the Tribes participate in consultation regarding another permit required before the HPTP may move forward. (*Id.* at 17-18.)

The Court finds it premature to address Lithium Nevada's arguments about the merits of the Tribes' proposed claims. And when the Court disregards Lithium Nevada's merits arguments, Lithium Nevada offers little argument to suggest the Tribes have not shown a significantly protectable interest that would be impaired were they not permitted to intervene in this case. For their part, the Tribes argue that they have significantly protectable interests under the NHPA that are related to the claims in this case because this case too seeks to block construction of the Project at least until Federal Defendants comply with their statutory consultation obligations, and the Tribes' interests would be harmed if Defendants are permitted to proceed with the HPTP. (ECF No. 43 at 11-14.) Indeed, the Tribes argue, the HPTP contemplates digging up sacred sites containing the remains of the Tribes' members' ancestors. (*Id.*)

The Court agrees with the Tribes that they have shown a significantly protectable interest that would be impaired were they not allowed to intervene. If the Tribes are right, and Federal Defendants did not properly consult them under the NHPA, they have a significantly protectable interest in ensuring they are properly consulted before any of their sacred sites are dug up and a lithium mine is built on land they consider sacred. Moreover, if the Court does not allow the Tribes to intervene, Defendants may imminently proceed with the HPTP, which could certainly impair the Tribes' protectable interests in not having their sacred sites dug up before being properly consulted. The Court also finds persuasive the Tribes' argument that the alternative consultation offered by Federal Defendants under the 'ARPA' process is not a perfect substitute for the consultation rights they are entitled to under the NHPA.

///

Moreover, the Court effectively permitted the parties to move forward towards completing digging incident to the HPTP when it denied Plaintiffs' motion for preliminary injunction. (ECF No. 48.) The Tribes persuasively argue that the digging incident to this plan will cause them irreparable harm. (ECF Nos. 43, 43-1, 44-1.) And "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Berg*, 268 F.3d at 822 (quoting the Fed. R. Civ. P. 24 advisory committee's notes) (reversing the district court's decision denying motion for leave to intervene as of right and finding in pertinent part that the proposed intervenor's interests would be impaired if not permitted to intervene). In sum, these two factors favor permitting the Tribes to intervene as of right in this case.

### 3. Factor 4: Adequate Representation

Courts consider three factors when assessing whether a present party will adequately represent the interests of an applicant for intervention:

> (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

*Arakaki*, 324 F.3d at 1086. Moreover, "the requirement of inadequacy of representation is satisfied if the applicant shows that representation of its interests 'may be' inadequate and that the burden of making this showing is minimal." *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983).

There is basically agreement on this factor. The Tribes argue that their interests are inadequately represented because Plaintiffs do not bring a claim under the NHPA, nor do they claim to represent the Tribes' interests. (ECF No. 43 at 14-16.) Indeed, Plaintiffs themselves argue that they do not adequately represent the Tribes' interests. (ECF No. 52 at 2.) And neither Federal Defendants, who do not oppose the Intervention Motion, nor Lithium Nevada, who does, address this factor in their responses to the Intervention Motion. The parties accordingly appear to agree that the Tribes' interests are not

adequately represented by the existing parties to this case. This factor thus also favors allowing intervention as of right.

In sum, all four factors weigh in favor of permitting the Tribes to intervene as of right. The Court will grant the Intervention Motion.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Intervention Motion before the Court.

It is therefore ordered that proposed Plaintiff-Intervenors' motion to intervene (ECF No. 43) is granted.

It is further ordered that proposed Plaintiff-Intervenors are admitted into this case as Plaintiff-Intervenors, with full rights of participation limited to the claims asserted in their proposed complaint (ECF No. 43-1).

It is further ordered that Plaintiff-Intervenors are bound by the existing case schedule that the Court approved and discussed at the recent hearing. (*See* ECF No. 47.)

DATED THIS 28th Day of July 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE